IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HARLIN ANDERSON, LONE STAR ENERGY, INC., LONE STAR OIL & GAS, INC. and EAST TENNESSEE ROCK, INC., Plaintiffs, v. EUGENE CAIN, RITA CAIN, SIDNEY STUBBS DAVIS and HOLLY DAVIS, Defendants. | § § § § § § § § § § § § | Case No. 4:07-cv-423 |

## ORDER GRANTING PLAINTIFFS' MOTIONS TO SEVER AND REMAND

Before the court are the "Plaintiffs' Motion to Remand and in the Alternative, Motion to Abstain and Brief in Support," (de # 5), a Response and Reply thereto (de # 8, 9), the "Plaintiffs' Motion to Sever," (de # 7), a Response and Reply thereto (de # 10, 11), and the "Plaintiffs' Supplemental 1) Motion to Sever, and 2) Motion to Remand" (de # 17). The court is of the opinion that both of the Plaintiffs' Motions should be GRANTED.

This controversy stems largely from the loss of a sale of land in Tennessee. The Plaintiffs claim that the Defendants conspired to misappropriate the funds from the sale of the property at a substantial premium over its assessed value. When the potential buyer became uneasy about the transaction, the sale fell through, and the Plaintiffs have allegedly been damaged in the amount of the difference between the lost sale price of the property and the actual value thereof. All of the claims asserted by the Plaintiffs are based on state law.

This matter was originally brought in state court in Collin County, Texas in 2006. The parties had fully briefed their summary judgment contentions, and trial was merely weeks away when the Cains filed a Chapter Seven petition for bankruptcy. The Davises, who have not filed for

bankruptcy, removed the matter to this court under 28 U.S.C. § 1452 as a matter "relating to" the Cains' Chapter Seven case. 28 U.S.C. § 1334(b) (2006). The United States Trustee has filed a motion to dismiss the Cains' Chapter Seven petition on three independent grounds, including the belief that the Chapter Seven petition "was filed to disrupt [this litigation]." (Pl.'s Supp. Mot. Ex. A.)

There is ample precedent in this Circuit for the severance of claims under Rule 21 by parties who are not themselves bankruptcy debtors from claims by those who are bankruptcy debtors. *E.g.*, *Petty v. Gulf Guar. Ins. Co.*, 303 F. Supp. 2d 815 (N.D. Miss. 2003); *Amos v. Ford Motor Credit Corp.*, 2003 U.S. Dist. LEXIS 25763, No. 4:03CV125-D-B (N.D. Miss. Dec. 29, 2003). Though the parties severed in these cases were non-bankruptcy plaintiffs, the court can discern no reason why the sound logic applied therein should not be extended to the severance of claims against a non-bankruptcy defendant. As with the non-bankruptcy plaintiffs in those cases, the Davises are not in bankruptcy, and the court is unaware of any interest that would be served by the continuing pendency of the claims against the Davises in this court that would override the interests that overwhelmingly militate in favor of remand.

The court is especially mindful of the fact that this matter is ripe for summary judgment before the state court and that trial was scheduled to begin only weeks before this matter was removed. Were the claims against the Davises to remain in this court, the expense and effort expended while the case was in the state court would largely be wasted or duplicated. Upon remand, those already-expended resources will be put to use. Moreover, both the Plaintiffs and the Davises are entitled to their day in court. That day was fast approaching before the case was removed, and the court is confident that that day will come more quickly in the state forum. (*See* Pl.'s Supp. Mot.

Ex. B. (email from counsel for the Cains stating that this matter "will probably drag on [in federal court] for another year, at least.")).

Based on the foregoing, the court is of the opinion that the "Plaintiffs' Motion to Sever" should be, and hereby is, GRANTED pursuant to Rule 21 of the Federal Rules of Civil Procedure. The court is also of the opinion that the "Plaintiffs' Motion to Remand and in the Alternative, Motion to Abstain and Brief in Support" should be, and hereby is, GRANTED pursuant to 28 U.S.C. § 1452(b) on the equitable grounds discussed above.  The Plaintiff's claims against Sidney Stubbs Davis and Holly Davis are hereby remanded to the 199th Judicial District for Collin County, Texas.

IT IS SO ORDERED.

**SIGNED this the 18th day of December, 2007.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE