IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HARLIN ANDERSON, LONE STAR ENERGY, INC., LONE STAR OIL & GAS, INC. and EAST TENNESSEE ROCK, INC., Plaintiffs, <br><br> v. <br><br> EUGENE CAIN, RITA CAIN, SIDNEY STUBBS DAVIS and HOLLY DAVIS, Defendants. | § § § § § § § § § § § § | Case No. 4:07-cv-423 |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the court is a "Motion for Reconsideration" (de # 26), filed by Sidney and Holly Davis, and the Response thereto (de # 27). In their Motion, the Davises ask the court to reconsider its order of December 18, 2007, wherein the court severed the claims against the Davises from the claims against Eugene and Rita Cain.

This matter was originally filed in state court in Collin County, Texas. During the pendency of the matter, the Cains filed a voluntary petition for bankruptcy relief, and the Davises removed the case to this court pursuant to 28 U.S.C. § 1452. Subsequently, the Plaintiffs moved the court to sever their claims against the Davises from those against the Cains and to remand the claims against the Davises to state court.

The court granted both motions in its order of December 18, 2007. The court relied primarily on its concern for the efficient deployment of judicial resources in concluding this case as its justification for remanding the claims against the Davises to state court. In addition, the court noted that the United States Trustee had filed a motion to dismiss the Cain's bankruptcy petition based in part on a belief that the bankruptcy case was filed as a tactic to frustrate this litigation.

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Id*. at 332. "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, "litigants are expected to present their strongest case when the matter is first considered." *Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) (citation omitted).

On January 4, 2008, the Chapter 7 Trustee filed a "Complaint to Determine and Recover Interests in Property" with the bankruptcy court presiding over the Cains' petition seeking a declaratory judgment that certain property belongs to the bankruptcy estate. (Mot. Ex. 1.) The court concludes that this recent development is insufficient to warrant reconsideration of its earlier order. The court is therefore of the opinion that the Davises' Motion for Reconsideration should be, and hereby is, DENIED. This resolution renders moot the pending Motion for Summary Judgment against the Davises (de # 12). That motion is therefore DENIED AS MOOT.

IT IS SO ORDERED.

**SIGNED this the 11th day of February, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE