FOR PRINT PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HARLIN ANDERSON, LONE STAR ENERGY, INC., LONE STAR OIL & GAS, INC. and EAST TENNESSEE ROCK, INC., Plaintiffs, | § § § § § § | |
| v. | § § | Case No. 4:07-cv-423 |
| EUGENE CAIN and RITA CAIN Defendants. | § § § | |

**MEMORANDUM OPINION & ORDER GRANTING
PLAINTIFFS' MOTION TO REMAND**

Before the court are the following:

1. Plaintiffs' Motion to 1) Remand to State Court or, in the Alternative, 2) Adopt and Enter State Court Orders (de # 44);

2. Defendants' Motion to Transfer and Response to Plaintiffs' Motion to 1) Remand to State Court or in the Alternative, 2) Adopt and Enter State Court Orders (de # 45);

3. Amended Response of Intervenor, Mark A. Weisbart, Trustee, to Plaintiff's [sic] Motion to 1) Remand to State Court or, in the Alternative, 2) Adopt and Enter State Court Orders (de # 51);

4. Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to 1) Remand to State Court or, in the Alternative, 2) Adopt and Enter State Court Orders (de # 53);

5. Plaintiffs' Reply to Amended Response of Intervenor Mark A. Weisbart, Trustee, to Plaintiffs' Motion to 1) Remand to State Court or, in the Alternative, 2) Adopt and Enter State Court Orders (de # 54);

6. Plaintiffs' Response to Defendants' Motion to Transfer (de # 55); and

7. Sur-Reply to Plaintiffs' Reply to the Intervenor's Response to Plaintiffs' Motion to 1) Remand to State Court or, in the Alternative, 2) Adopt and Enter State Court Orders

Having considered the Plaintiffs' Motion, the responsive briefing and the applicable law, the court is of the opinion that the Motion should be GRANTED.

## I. BACKGROUND

This controversy stems largely from the loss of a sale of land in Tennessee. The Plaintiffs claim that the Defendants conspired to misappropriate the funds from the sale of the property at a substantial premium over its assessed value. When the potential buyer became uneasy about the transaction, the sale fell through, and the Plaintiffs allege that they have been damaged in the amount of the difference between the lost sale price of the property and the actual value thereof. All of the claims asserted by the Plaintiffs are based on state law.

This case was originally filed in state court in Collin County, Texas in 2006. The parties had fully briefed their summary judgment contentions, and trial was merely weeks away when the Cains filed a Chapter Seven petition for bankruptcy. The Davises, who were codefendants before being severed from this case by an earlier order signed by the court, and who have not filed for bankruptcy, removed the matter to this court under 28 U.S.C. § 1452 as a proceeding "related to" the Cains' Chapter Seven case. 28 U.S.C. § 1334(b) (2006). The United States Trustee has filed a motion to dismiss the Cains' Chapter Seven petition on three independent grounds, including the belief that the Chapter Seven petition "was filed to disrupt [this litigation]."

The Plaintiffs request that the court abstain in this case under either the mandatory or discretionary abstention provisions in 28 U.S.C. § 1334(c), or, in the alternative, equitably remand this case pursuant to 28 U.S.C. § 1452(b). The Chapter Seven Trustee opposes those courses of action and requests that the court retain jurisdiction over this case or, in the alternative, refer this case to the United States Bankruptcy Court for the Eastern District of Texas so that it may be considered

alongside the Cains' bankruptcy case.

## II.  DISCUSSION AND ANALYSIS

*A.     Mandatory Abstention*

Section 1334(c)(2) provides:

 Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction

28 U.S.C. § 1334(c)(2) (2006).  Thus, the court is required to abstain from this lawsuit if the Plaintiff's Motion is timely, the claims are based on state law, the case is related to a bankruptcy proceeding, as opposed to arising under or arising in a case under Title 11, no basis for jurisdiction over the subject matter exists aside from that provided in Section 1334 and the proceeding has been commenced in a state forum that is capable of timely adjudication of this matter.  *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782-83 (E.D. Tex. 2001); *First Bank v. Arafat*, No. H-05-4337, 2006 U.S. Dist. LEXIS 64562, at *9 (S.D. Tex. Sept. 11, 2006).

Though the other elements of mandatory abstention are rather plainly fulfilled, it is not clear that the Plaintiff's Motion is timely under the statute.  While the statute does not provide any guidance as to what constitutes a timely motion for abstention, the motion should be made "as soon as possible after [the movant] should have learned the grounds for such a motion."  *Id*. at * 11-12 (quoting *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 776 (10th Cir. 1997)).  Thus, courts have generally considered motions for mandatory abstention timely when made rather early in a case.  *See id.* at *12; *Ross v. Watkins*, No. H-07-1333, 2007 U.S. Dist. LEXIS 46287, at *5 (S.D.

Tex. June 26, 2007) (applying 30 day window provided by 28 U.S.C. § 1447(c) for motions to remand); *but see Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 584 (6th Cir. 1990) (finding that a motion to remand filed more than eight months after removal "appear[ed]" to have been timely).

The Davises removed this case on August 7, 2007. The Plaintiffs did not file their Motion until March 26, 2008, nearly eight months after removal. Absent a rather compelling set of circumstances not present here, and without needing to define the precise parameters of "timely" under Section 1334, the court is comfortable in finding that the Motion is untimely as pertains to the court's consideration of the mandatory abstention issue. Therefore, Section 1334(c)(2) is inapplicable.

B.   *Discretionary Abstention and Equitable Remand*

The Plaintiffs also move the court to exercise its discretion in abstaining from this case under 28 U.S.C. § 1334(c)(1) or to remand the matter to state court under 28 U.S.C. § 1452(b). Section 1334(c)(1) provides:

> nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1) (2006). Section 1452(a) provides for the removal of cases that create original jurisdiction in the federal district courts under Section 1334. Section 1452(b) provides for the remand of certain of those cases, stating "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b) (2006). Together, these provisions "evince a congressional policy that the trial of state law created

issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of § 1334 and the litigation can be timely completed in state court." *Regal Row Fina, Inc. v. Washington Mutual Bank*, No. 3:04-CV-1033-G, 2004 U.S. Dist. Lexis 26704, at *27 (N.D. Tex. Dec. 9, 2004).

The applicability of these related provisions is assessed by analyzing the following non-exclusive factors:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;
>
> (2) extent to which state law issues predominate over bankruptcy issues;
>
> (3) difficult or unsettled nature of applicable law;
>
> (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
>
> (5) jurisdictional basis, if any, other than § 1334;
>
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
>
> (7) the substance rather than the form of an asserted core proceeding;
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
>
> (9) the burden of the bankruptcy court's docket;
>
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
>
> (11) the existence of a right to a jury trial:
>
> (12) the presence in the proceeding of nondebtor parties;
>
> (13) comity; and
>
> (14) the possibility of prejudice to other parties in the action.

*Broyles*, 266 B.R. at 785; *Crawford v. Paris Primary Care Group*, No. 3:03–CV-2, U.S. Dist. LEXIS 4485, at *8-9 (E.D. Tex. Mar. 20, 2003).

The court finds that these factors overwhelmingly support remand. The Plaintiffs in this case represent nearly 97% of the claims filed against the Cains' bankruptcy estate. The state court had before it the fully briefed summary judgment contentions of the parties before the case was removed to this court. Therefore, that court should be able to quickly act on its familiarity with this case in determining the value of the Plaintiffs' claims against the estate. In other words, it will be able to issue a final judgment in favor of either the Plaintiffs or the Defendants, which should be enormously helpful in the administration of the bankruptcy estate.

This case also involves solely issues of state law. Although this lawsuit presents nothing more than garden variety business tort claims, the court notes that the only basis for its jurisdiction is under Section 1334. In addition, this matter is not intricately intertwined with the bankruptcy proceeding. It includes claims against the Cains arising out of events that occurred long before they filed their bankruptcy petition. The outcome of this case will certainly affect the distribution of the Chapter Seven estate. But if this were sufficient for the sixth factor to weigh against remand, then that factor would always weigh against remand in a lawsuit "related to" a bankruptcy case, and its consideration would be inappropriate. Without a more identifiable nexus between this case and the bankruptcy proceeding, the court finds that the sixth factor weighs in favor of remand.

Further favoring remand are the circumstances that warrant suspicion of forum shopping by the Davises while they were still codefendants in this case. The Cains filed for bankruptcy protection on August 31, 2007. On September 6, 2007, the Plaintiffs filed an Expedited Motion to Sever their claims against the Davises from those against the Cains. On the next day, the Davises removed the

case to this court. Taking into account that the parties' summary judgment arguments had been fully briefed and the fact that trial was scheduled for only weeks later, the Davis' removal may very well have been a stalling technique. Moreover, the United States Trustee has filed a Motion to Dismiss in the Bankruptcy Court partially on the basis that it suspects the Cains' bankruptcy petition to have been calculated to disrupt this litigation.

Finally, considerations of comity and efficiency weigh heavily in favor of remand. The efforts and expenditures in the case during its state court pendency would have to be largely duplicated if this court were to oversee the case. Moreover, the resources devoted to this litigation by that court would have been wasted were this court to retain the matter. In sum, this case is the prototypical case that should be remanded under Section 1452(b). It sounds purely in state law from events that occurred before bankruptcy protection was sought, only Section 1334 gives this court jurisdiction over the subject matter, the litigation was near completion in state court prior to its removal, and that court can more expeditiously dispose of this case, not only bringing finality to the claims in this case, but quite possibly aiding in the efficient resolution of the bankruptcy proceeding.

## IV. CONCLUSION

Based on the foregoing, the court finds that the Plaintiffs' assertion of mandatory abstention was not timely made. However, the court finds that the circumstances surrounding this case weigh heavily in favor of remand. Accordingly, it is

**ORDERED** that the Plaintiffs' Motion to 1) Remand to State Court or, in the Alternative, 2) Adopt and Enter State Court Orders (de # 44) should be, and hereby is, GRANTED. It is further

**ORDERED** that any other pending motions should be, and hereby are, DENIED AS MOOT. It is further

**ORDERED** that this case is REMANDED to the 199th Judicial District Court of Collin County, Texas.

IT IS SO ORDERED.

**SIGNED this the 24th day of July, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE