FOR PRINT PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HARLIN ANDERSON, LONE STAR ENERGY, INC., LONE STAR OIL & GAS, INC. and EAST TENNESSEE ROCK, INC., Plaintiffs, | § § § § § § | |
| v. | § § | Case No. 4:07-cv-423 |
| EUGENE CAIN and RITA CAIN Defendants. | § § § | |

## MEMORANDUM OPINION & ORDER GRANTING INTERVENOR'S MOTION FOR RECONSIDERATION

Before the court are the following:

1. Intervenor's Amended Motion for Reconsideration of Memorandum Opinion and Order Granting Plaintiffs' Motion to Remand, and Brief in Support (de # 60);

2. Plaintiffs' Response to Intervenor's Amended Motion for Reconsideration and Motion for Hearing on Intervenor's Motion for Reconsideration (de # 62);

3. Intervenor's Reply to Plaintiffs' Response to Amended Motion for Reconsideration of Memorandum Opinion and Order Granting Plaintiffs' Motion to Remand, and Brief in Support (de # 64) and

4. Plaintiffs' Sur-reply to Intervenor's Reply to Plaintiffs' Response to Amended Motion for Reconsideration (de # 65).

Having considered the Motion, the responsive briefing and the relevant legal principles, the court is of the opinion that the Intervenor's Amended Motion for Reconsideration should be GRANTED and that the claims stated in this civil action should be REFERRED to the United States Bankruptcy Court for the Eastern District of Texas for further proceedings.

## I. BACKGROUND

In this civil action, the Plaintiffs assert a number of causes of action arising out of an alleged fraud perpetrated upon them by the Defendants, Eugene and Rita Cain, and their former co-defendants, Stubbs and Holly Davis. The Plaintiffs originally filed this lawsuit in Texas state court. On August 31, 2007, the Defendants filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Texas. On September 7, 2007, and on the eve of trial in state court, the Davises removed the entire lawsuit to this court under the bankruptcy removal statute.

On December 18, 2007, this court signed an order severing the Davises from the lawsuit and remanding the claims against them to state court. On January 4, 2008, the Chapter 7 Trustee, before intervening in this lawsuit, initiated an adversary proceeding in the Defendants' bankruptcy case against most of the Plaintiffs in this case to determine the bankruptcy estate's rights to assets that are disputed in this lawsuit. On February 7, 2008, the defendants to the adversary proceeding filed their answer and counter-claims, asserting each of the claims asserted against the Cains in this proceeding as claims against the Cains in the adversary proceeding. On February 11, 2008, Judge Rhoades, who is the judge overseeing the Cains' bankruptcy case, issued an order lifting the automatic stay for the limited purpose of this court's determination of the proper forum for this lawsuit. On April 7, 2008, the court signed an order allowing the Chapter 7 Trustee to intervene in this lawsuit.

On July 24, 2008, the court signed an order granting the Plaintiffs' motion to remand the claims against the Cains to state court. The court based its remand decision primarily on the prevalence of state law issues, the state court's familiarity with this lawsuit, and the specter of forum-shopping arising out of both the circumstances of removal and the United States Trustees' motion

to dismiss the Chapter 7 petition that was then pending before Judge Rhoades. The Intervenor moves the court to reconsider its July 24, 2008 order and to refer this lawsuit to the bankruptcy court rather than to remand it to state court.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, the court has authority to consider such motions using the guidelines of Rule 59(e). *Hamilton v. Williams*, 147 F.3d 367, 379 n.10 (5th Cir. 1998). To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 332 (W.D. Tex. 2002). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

## III. DISCUSSION & ANALYSIS

The court considered a number of factors in its order remanding the claims against the Defendants to state court. *Anderson v. Cain*, No. 4:07-cv-423, 2008 U.S. Dist. LEXIS 56486, at *7-8 (July 24, 2008). However, certain considerations, of which the court was not informed, alter the balance of interests in such a manner as to warrant a different conclusion from the one reached earlier. First, on May 12, 2008, the United States Trustee withdrew its motion to dismiss that was

pending before Judge Rhoades. That motion was predicated in part on the United States Trustee's belief that the Cains' bankruptcy petition was filed to "disrupt" this litigation. *Id*. at *3. Without the doubt that had been cast over this litigation, the potential presence of forum-shopping cannot fairly be said to exist.[1] The court was first made aware of the United States Trustee's withdrawal in the instant Motion. Thus, the court could not have considered it in its resolution of the Plaintiffs' motion to remand.

Next, on July 22, 2008, 3 individuals filed a motion to intervene in the adversary proceeding. Judge Rhoades allowed the intervention on August 6, 2008. In their motion, they alleged that they were sold interests in the companies that are subjects of both this lawsuit and the bankruptcy proceeding. Determination of those claims and the claims asserted by the Plaintiffs in this lawsuit would best be made in a single proceeding before Judge Rhoades rather than in separate proceedings. Again, the court was not made aware of the intervention until it was presented with the instant Motion, and this development constitutes a significant rebalancing of the relevant interests.

Finally, the February 7, 2008 answer filed by the defendants to the adversary proceeding also contains a number of counterclaims—precisely the same claims asserted in this lawsuit. Thus, each of the claims in this lawsuit are currently in controversy before Judge Rhoades. As with the claims pressed by the bankruptcy intervenors, the claims asserted here by the Plaintiffs can and should be heard in the adversary proceeding. The adversary proceeding is currently scheduled to go to trial on April 23, 2009. The court would again note that it was not until receipt of the instant Motion that

---

[1] The suspicious "circumstances of removal" referred to in Part I, *supra*, stemmed from the Davis' hasty removal of this matter to this court. When the Cains filed their Chapter 7 petition, the Plaintiffs filed a motion to sever in the state court. On the next day, the Davises removed the lawsuit to this court. The court notes that it was not the Cains who removed this lawsuit; any skepticism created by the Davis' actions will not be attributed to the Cains.

the parties made the court aware that the February 7, 2008 answer also included counterclaims that mirror the claims asserted in this civil action.

Before this lawsuit came to the court, the state court entered summary judgment against the Cains, declaring that the Cains have no "rights, status, or relationship with respect" to the Plaintiff companies here. (de # 57 Ex. A.) The Plaintiffs' concern that the order be enforced in this court is equally addressable to the bankruptcy court (de # 57 ¶ 2.3.); the order will be given in the bankruptcy court whatever precedential effect to which the order is entitled in this court.

Based on the foregoing, the court finds that, in light of the developments since the court's order of July 24, 2008, the proper forum for the trial of this lawsuit is before the United States Bankruptcy Court for the Eastern District of Texas. This will allow for the most efficient deployment of judicial resources. Accordingly, the court is of the opinion that the "Intervenor's Amended Motion for Reconsideration of Memorandum Opinion and Order Granting Plaintiffs' Motion to Remand, and Brief in Support" (de # 60) should be, and hereby is, GRANTED. This lawsuit is hereby REFERRED to the United States Bankruptcy Court for the Eastern District of Texas for further proceedings.

IT IS SO ORDERED.

**SIGNED this the 23rd day of March, 2009.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE